IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:08-cv-2257-M |
| v. | § § | |
| METRO AUTOMATION et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, or Alternatively, Motion for More Definite Statement [Docket Entry #13]. The Motion is **GRANTED IN PART** and **DENIED IN PART**.

*Background*

This case arises out of alleged defaults on two secured lines of credit. According to the First Amended Complaint ("Complaint"), Plaintiff Wachovia Bank, National Association ("Wachovia") extended a revolving line of credit and a fixed-sum loan ("the loans") to Defendant Metro Automation, Inc. ("Metro"). The loans were subject to agreements which granted Wachovia a security interest in all personal property owned by Metro, specifically its equipment and inventory ("the Collateral").[1] Metro agreed that it would not sell or otherwise transfer the Collateral, except in accordance with the terms of the security agreements, and that an improper transfer would place it in default. If Metro did not pay the amounts due on the loans, or made an improper transfer, Wachovia would be entitled to immediate possession of the

---

[1] Wachovia states, and Defendants do not dispute, that it perfected the security agreements through UCC-1 filing statements.

Collateral.  In a separate agreement, John Crossno, Metro's owner, personally guaranteed the loans.  Wachovia claims that Metro wrongfully transferred certain Collateral to SAVR Communications, Inc. ("SAVR"), another entity owned by Crossno, and that by doing so, Metro converted Wachovia's property.  Wachovia sued for conversion, the money due on the loans, and on Crossno's guaranty.[2]

Defendants move under Fed.R.Civ.P. 12(b)(6) to dismiss the following: (1) the conversion claim; (2) the claim for exemplary damages against SAVR; and (3) the claim for tort damages against all Defendants.  Alternatively, Defendants seek an order requiring a more definite statement under Fed.R.Civ.P. 12(e).

*Legal Standard*

When considering a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts, and views those facts in a light most favorable to the plaintiff.[3]  The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.[4]  The factual allegations must be sufficient to raise a non-speculative right to relief.[5]  The plaintiff is required to plead sufficient facts to state a claim that is plausible on its face.[6]  In deciding a motion to dismiss, a court does not evaluate the plaintiff's likelihood of success; it only determines whether the plaintiff has stated a legally cognizable claim.[7]

Fed.R.Civ.P. 12(e) provides that a court may require a more definite statement when a

---

[2] It is difficult to determine from the Complaint which Defendants are subject to which counts.  For example, the section describing the factual background of the case accuses Metro of helping to convert Plaintiff's property, but in the section listing the specific counts, only SAVR is accused of conversion.  The subject Motion asks, among other things, for the Court to order Plaintiff to cure these ambiguities.
[3] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[5] *Id.* at 555.
[6] *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).
[7] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

pleading is "so vague or ambiguous that a party cannot prepare a response." However, such motions are disfavored, and will generally be denied if the nature of the claim is clear and the information sought may be obtained in discovery.[8]

*Analysis*

A. <u>Conversion</u>

In Texas, to establish a claim for conversion, a plaintiff must prove that (1) the plaintiff owned or had possession of the property, or was entitled to possession of it; (2) the defendant unlawfully, and without authorization, assumed and exercised control over the property, to the exclusion of, or inconsistently with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.[9] A bailee, as SAVR could conceivably be, may be liable for conversion if he knows or has reason to know that the transferred property was not properly in the possession of the bailor.[10]

Defendants first argue that the Complaint fails to state when the alleged conversion occurred, thus failing to establish Plaintiff's right to possession of the Collateral. Defendants contend that if the transfer of the Collateral occurred before the loans were in default, the transfer is not a conversion. Defendants also argue that Plaintiff's nonspecific description of the items converted is too vague.

Plaintiff argues that under Fed.R.Civ.P. 8(a)(2), the Complaint must only provide a short and plain statement showing an entitlement to relief, and that it does so as to the conversion claim. Additionally, Plaintiff argues that it is irrelevant whether the allegedly wrongful transfer occurred before or after default, because under either scenario a conversion occurred. Finally, Plaintiff contends Defendants have sufficient information to formulate a response to the

---

[8] *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130-33 (5th Cir. 1959).
[9] *Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex.App.--Houston [1 Dist.] 2006, no pet.).
[10] *Nacol v. Metallic Development Corp.*, 614 S.W.2d 172, 174-75 (Tex. 1980).

allegations.

The Court notes a lack of clarity and consistency in the Complaint as to who is accused of conversion. The "Facts" section of the Complaint states that Metro and SAVR acted together to convert the Collateral. However, only SAVR is referenced in the "Conversion" section. In addition, SAVR is the only party against which Plaintiff seeks exemplary damages. If Plaintiff is seeking such damages from other Defendants, it must amend its Complaint to state that.

Other than this ambiguity as to parties, the Complaint states a conversion claim. The facts, taken as true, establish that Wachovia had a possessory right to the Collateral, and that right was impeded by Metro's transfer of the Collateral to SAVR. Defendants' position that the Complaint must state the specific time of the alleged conversion is unwarranted. Such a requirement would exceed the liberal pleading requirements of Rule 8.

With respect to the argument that the Complaint must allege what specific Collateral was converted, Defendants again seek to place more stringent demands on the Complaint than the Federal Rules require. Plaintiff has alleged that the inventory and equipment identified in the security agreements was wrongfully converted. Defendants have control over the Collateral, and thus know what occurred. Requiring a more definite statement is unnecessary.

B. Exemplary Damages

Defendants next argue that under *Green International, Inc. v. Solis*,[11] the Plaintiff must plead and prove malice to recover exemplary damages for conversion.

In *Green International*, the plaintiff presented no evidence at trial of the defendant's malice. The Texas Supreme Court concluded that, as a result, the Plaintiff was not entitled to a jury question on exemplary damages. *Green International* confirms that "[t]o recover exemplary

---

[11] 951 S.W.2d 384, 391 (Tex. 1997).


damages for conversion, the plaintiff must prove that the defendant acted with malice."[12] *Green International* focuses on proof, not pleading, and in any case, in this matter pleading sufficiency is determined by federal rules of procedure. If Plaintiff proves malice at trial, it may submit a question to the jury on exemplary damages. This is not the time to preclude such a potential submission.

    C.  <u>Actual Damages for Conversion</u>

Defendants last argue that Plaintiff may not seek actual damages for conversion from all Defendants, when only SAVR has been accused of conversion. Plaintiff counters that Texas law allows it to recover actual damages jointly and severally from Metro (as the seller or transferor of the converted property), SAVR (as the buyer), and Crossno (as instrumental in the disposition of the property). In support, Plaintiff cites a Texas Supreme Court case, *Oats v. Dublin National Bank*, holding that a mortgagee could bring a conversion action, for joint and several liability, against a mortgagor, purchaser, and other parties instrumental in the wrongful disposition of property.[13] Although *Oats* holds that a plaintiff may sue the transferor, transferee, and facilitator of a conversion, and hold them jointly and severally liable if the facts warrant, if Plaintiff wishes to hold Defendants other than SAVR liable for actual damages, it must state its basis for doing so in the Complaint.

---

[12] *Id.*
[13] *Oats v. Dublin Nat'l Bank*, 90 S.W.2d 824, 827 (Tex. 1936).

*Conclusion*

The Motion is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** to require Plaintiff to replead clearly who is accused of conversion and on what basis any claims are asserted for exemplary damages.  It is otherwise **DENIED**.

**SO ORDERED**.

May 13, 2009.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**